UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK BARTO                                          CIVIL ACTION

VERSUS                                              NO: 13-6081

J. RAY MCDERMOTT INTERNATIONAL                      SECTION: "J"(3)
VESSELS LTD., ET AL.

## ORDER & REASONS

Before the Court is Defendants Shore Construction, LLC, ("Shore"), J. Ray McDermott International Vessels, Ltd., and McDermott, Inc. (collectively, "Defendants")'s **Motion for Partial Dismissal for Failure to State a Claim for Relief (Rec. Doc. 41)**, Plaintiff Mark Barto ("Barto")'s opposition (Rec. Doc. 44), and Defendants' reply memorandum. (Rec. Doc. 48) The motion was set for hearing on April 23, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendants' motion should be **DENIED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises out Barto's maritime personal injury claims against Defendants. Barto is a Jones Act seaman who allegedly suffered "injuries when a board he was standing on broke suddenly

1

and without warning, causing Mr. Barto to fall backwards, and violently strike his head, left elbow and low back." (Rec. Doc. 44, pps. 1-2). Barto has been receiving maintenance and cure benefits from Shore throughout his treatment, but when Barto's treating physician recommended surgical intervention, and when Defendants' physician disagreed with this recommendation, Shore denied Barto's request that it pay for the surgery. In his *Third Amended Complaint* (Rec. Doc. 35), Barto seeks damages for Defendants' failure "to authorize and pay for surgery recommended by the plaintiff's treating physician." (Rec. Doc. 35, p.2, ¶ 16). Shortly after the *Third Amended Complaint* was filed, Defendants filed the instant motion to dismiss.

## **PARTIES' ARGUMENTS**

Defendants argue that Barto's *Third Amended Complaint* should be dismissed because plaintiff has not pled any specific acts of Shore that would constitute unreasonable, arbitrary, and/or capricious conduct. Defendants aver that punitive and compensatory damages for failure to pay maintenance and cure are not automatically awarded when an employer refuses payment, rather the plaintiff has to prove that the employer engaged in some sort of conduct that would warrant such an award. Defendants contend that in *Hibbets v. Lexington Insurance Company*, 377 Fed. Appx. 352 (5th Cir. 2010), the Fifth Circuit held that, to satisfy the pleading

requirements of *Twombly* and *Iqbal*, a plaintiff may not simply plead the labels of "arbitrary, capricious, or without probable cause, but rather must include additional factual allegations to support such labels. *Hibbets*, 377 Fed. Appx. at 356.

Barto contends that he has fully satisfied notice pleading requirements because his allegations place the defendant on notice of what the claim is, the grounds on which his claim rests, and the relief that he seeks. Barto points out that Defendants cite to cases applying the summary judgment standard rather than the 12(b)(6) standard, thus the cited cases are distinguishable from the instant set of facts.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

Plaintiff's Third Amended Complaint alleges that Shore "has unreasonably, arbitrarily and capriciously refused to authorize and pay for surgery recommended by the plaintiff's treating physician, which has resulted in foreseeable and avoidable economic hardship and exacerbation of plaintiff's physical and emotional injuries" and that in light of this denial, Defendant "has failed to fully satisfy its cure obligation to the plaintiff, and, as a result, plaintiff is entitled to recover from Shore Construction the reasonable and necessary medical expenses for his medical treatment."(Rec. Doc. 35, pps. 1-2, ¶¶ 15-16) Given the non-complex nature of this case, Barto's allegations satisfy notice pleading requirements. From the above-cited allegations, Defendants should be aware of what the claim is (breach of the duty to provide full

maintenance and cure), the grounds upon which the claims rest (failure to pay for the surgery recommended by Barto's physician), and the relief sought (compensatory and punitive damages).

Defendants' citations to many cases that apply standards other than the Rule 12(b)(6) standard are unhelpful to the Court as Plaintiff is not required to plead every element of its claim or prove that he will succeed on his claim. *See Whitworth v. Mouser Electronics, Inc.*, No. 10-1134, 2010 WL 4628068 *2 (N.D. Tex., Nov. 8, 2010). Further, this case is not analogous to *Hibbets*, an insurance case, because more facts were needed in that case to be able to reasonably infer what "bad faith" the plaintiffs alleged. There, plaintiffs only alleged the following:

> [Defendant] has breached and continued to breach its duties of good faith and fair dealing, as well as its duty to fairly adjust claims;" that "Defendant has breached and continues to breach its duty to timely adjust claims upon satisfactory proof of loss from individual Plaintiff Class members, evidencing losses from covered perils" and "misrepresented pertinent policy provisions;" and that these actions "are arbitrary, capricious, and unsupported by any evidence" and "constitute bad faith."

Hibbets v. Lexington Ins. Co., 377 F. App'x 352, 355-56 (5th Cir. 2010). More factual context was necessary in that case because the case was more complex and involved long-running and ongoing actions with multiple plaintiffs. As is clear from reading the allegations, it would be impossible for the defendant insurance company to devine what specific actions the plaintiffs complained of. To the

5

contrary, in this case, the facts are much more straightforward, and, even without further factual allegations, it is reasonable to infer from the pleadings that Plaintiff alleges that the decision to deny payment for the surgery at issue was made in bad faith. There is simply no other way to read the *Third Amended Complaint*, and the ease in which one can make such an inference is supported by the fact that Defendants have already made such an inference and clearly explained the nature of the dispute in the instant motion to dismiss. Rec. Doc. 41-1, p. 2 ("A dispute has arisen concerning Shore Construction's obligation to pay for surgery recommended by Dr. Ilyas Munshi pursuant to its obligation to provide cure to plaintiff."). Therefore, the Defendant is clearly on notice of the claims against it, making dismissal unwarranted.

    Accordingly,

    **IT IS ORDERED** that Defendants' **Motion for Partial Dismissal for Failure to State a Claim for Relief (Rec. Doc. 41)** is **DENIED**.

    New Orleans, Louisiana, this 13th day of May, 2014.

                                                         _____
                                                          CARL J. BARBIER
                                                          UNITED STATES DISTRICT JUDGE