UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK BARTO            CIVIL ACTION

VERSUS              No. 13-6081

RAY MCDERMOTT INTERNATIONAL VEHICLES, LTD, ET AL.            SECTION: "J"(3)

# ORDER

Before the Court is a *Motion for Relief from Judgment and for Entry of Final Satisfaction of Judgment* **(Rec. Doc. 126)** filed by defendant, Shore Construction, LLC ("Shore"). Plaintiff filed an opposition to the Motion (Rec. Doc. 126), to which Shore did not reply. Considering the Motion, the memoranda, the record, and the relevant law, the Court finds that the Motion should be **DENIED**.

Shore asks for relief pursuant to Federal Rule of Civil Procedure 60(b)(5) from this Court's judgment (Rec. Doc. 116) ordering Shore to pay maintenance and cure to Plaintiff until Plaintiff reaches maximum medical improvement ("MMI"). Shore offers two avenues for relief: (1) the judgment has been satisfied or (2) applying the judgment prospectively is no longer equitable. Shore's underlying theory for relief under both avenues is that this Court's judgment concerned only Plaintiff's lumbar injuries and Plaintiff has reached maximum medical improvement as to his lumbar injuries. (Rec. Doc. 127-12).

Plaintiff concedes that he has reached MMI with respect to his lumbar injuries but argues this Court's judgment regarding maintenance and cure regarded also

Plaintiff's cervical injuries. Plaintiff's interpretation of the judgment is correct. This Court ordered on November 14, 2014:

> SHORE CONSTRUCTION, LLC shall continue to pay maintenance benefits at the rate of $35 per day plus reasonable and necessary medical expenses until Plaintiff MARK BARTO has reached maximum medical improvement.

(Rec. Doc. 99 at 2). The Court did not specifically limit maintenance and cure to Plaintiff's lumbar injuries because those were not the only injuries that Dr. Munshi testified that Plaintiff suffered as a result of his accident. Dr. Munshi testified it was opinion that Plaintiff's neck injuries were also caused by his accident. (Rec. Doc. 127-4). Dr. Bertuccini's professional opinion was the same, except he disagreed with a Dr. Munshi's surgical recommendation. (Rec. Doc. 127-8).

Thus, "the award is supported by physician[s'] testimony" and the "principle that the employer's duty goes no further than the seaman's need does not prohibit . . . the order in this case." *Lirette v. K & B Boat Rentals, Inc.*, 579 F.2d 968, 970 (5th Cir. 1978). Shore's obligation persists only until Plaintiff's injuries resulting from the accident can improve no further; that obligation is the same whether the injury is to the lumbar or cervical regions of Plaintiff's spine. The award is not indefinite. "Under this order, once the plaintiff 'has reached maximum possible cure,' the defendant has no further duty to pay him." *See id*.

New Orleans, Louisiana, this 11th day of December, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE